■ In the Matter of FRANCOIS R. CROSS, Appellant, v. ALBERT HECHT et al., as Commissioners of Elections of the County of Dutchess, Respondents.— In a proceeding to validate petitions nominating appellant a candidate of the Fishkill Independent Party for the public office of Town Justice in the Town of Fishkill in the election to be held on November 4, 1969, the appeal is from a judgment of the County Court, Dutchess County, dated October 2, 1969, which dismissed the petition. Judgment reversed, on the law and the facts, without costs, and nominating petitions declared valid. In our opinion, on the facts in the case, there was substantial compliance with section 138 of the Election Law. While the present residences of the signers of the nominating petitions and the residences from which they were registered at the last preceding general election were not separately set forth, the petitions contain the preamble required by subdivision 2 of section 138 that "my present place of residence and my place of residence at the time of the last preceding general election are truly stated opposite my signature hereto". Since only one address was given for each signer, it seems clear that each address stated was both the present address and the address at the time of the last preceding general election. No fraud or deception is alleged; and we find that the absence of literal compliance with the statute is not fatal to the sufficiency of the nominating petitions (cf. *Matter of Sykes* v. *Millspaugh,* 22 A D 2d 710, affd. 15 N Y 2d 504; *Matter of Saal* v. *Board of Elections for County of Nassau,* 32 A D 2d 800, affd. 25 N Y 2d 793). We believe that *Matter of Connors* v. *Messina* (308 N. Y. 877) does not require a contrary result. There, the failure separately to state the residences from which the signers were registered at the time of the last preceding election was not the only defect in the nominating petitions; and it does not appear that the language above quoted was contained in the petitions there involved. Brennan, Acting P. J., Rabin, Martuscello and Kleinfeld, concur; Hopkins, J., dissents and votes to affirm on the authority of *Matter of Connors* v. *Messina* (308 N. Y. 877).

## (October 6, 1969)

■ BUA BUILDING COMPANY, INC., Respondent, v. WILHELM RUSCH et al., Appellants.— Appeal by defendants from a judgment of the Supreme Court, Nassau County, entered July 19, 1968 in favor of plaintiff after a nonjury trial. Case remitted to the trial court to formulate findings of facts essential to its decision; and determination of appeal held in abeyance in the interim. Upon the making of appropriate findings and the filing of the record thereof in this court, the appeal will be restored to the calendar. An intelligent judicial review of the decision of the trial court cannot be had in the absence of findings essential to the trial court's decision (CPLR 4213, subd. [b]; *Matter of Gray* v. *Rose,* 30 A D 2d 138, 142; *Conklin* v. *State of New York,* 22 A D 2d 481, 485). We cannot determine from the trial court's decision the disposition of the first three causes of action in the complaint and the first counterclaim in defendants' answer. We cannot determine whether the judgment for plaintiff was based on findings that plaintiff's departures from the building specifications were inadvertent and insubstantial or whether it was based on a finding of oral modification of the written contract, estoppel, or waiver by defendants. We cannot determine how the $8,000 awarded to plaintiff was computed. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.